UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | ECase No. 5:02-cv-154 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| WILLIAM REED et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed in forma pauperis. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's pro se complaint indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous because it is barred by res judicata.

**Discussion**

I.  Factual allegations

Plaintiff is currently incarcerated in the Bellamy Creek Correctional Facility. Plaintiff's complaint does not concern the conditions of confinement; rather, Plaintiff claims that he has been denied parole in violation of his due process rights. In his pro se complaint, Plaintiff sues the following members of the Michigan Parole Board: William Reed, Marianne Samper, Maurice Armstrong, William Hudson, and Stephen H. Marschke. Plaintiff also names (unknown) McKee, Warden at the Standish Maximum Correctional Facility[1]; (unknown) Carpenter, Grievance Corrdinator at Standish; Bill Martin, former Director of the Michigan Department of Corrections (MDOC); and Michael Powell, Manager of Prison Affairs for the MDOC.

Plaintiff claims that Defendants Reed and Samper denied his parole on October 29, 2001. He was given a continuance of twenty-four months. According to Plaintiff, the parole board gave the following reasons for denying parole: (1) assaultive offense; (2) prior criminal record; (3) major misconducts; (4) high statistical assaultive risk; (5) weapon or threat of a weapon; (6) more than two victims threatened or involved; (7) jail sentence served; (8) felony convictions; (9) assaultive felony convictions; (10) probation failures; (11) on probation when the instant offense took place; and (12) juvenile commitments. Plaintiff claims a multitude of errors on the part of the parole board in denying his parole that constituted a violation of his due process rights. First, Plaintiff claims he was denied parole without an interview. Plaintiff claims that without holding an interview, the parole board members were unable to properly evaluate his physical condition, mental health and social attitude. Plaintiff also disputes the veracity or accuracy of all of the reasons given

---

[1] Prior to incarceration at Bellamy Creek, Plaintiff was incarcerated at Standish.

by the parole board for denying his parole listed above, except (2), (7), (8), (10) and (11).  In addition, Plaintiff alleges that the parole board made errors in scoring the parole guidelines.  He further contends that the parole board improperly considered old misconduct convictions and his prior criminal record in making their decision.

Plaintiff also raises claims concerning the grievance process.  Apparently, Plaintiff filed a grievance concerning the denial of his parole.  Plaintiff asserts that Defendants Carpenter and McKee violated MDOC policy and his constitutional rights when they failed to direct Plaintiff's Step II grievance to the parole board chairperson.  According to MICH. DEP'T OF CORR. Policy Directive 03.02.130(EE), the parole board chairperson should be the Step II respondent for grievances involving the parole board.  For relief, Plaintiff seeks compensatory damages of $100,000 from each of the Defendants.  Plaintiff also seeks injunctive relief, including his release on parole.

II.  Res Judicata

Plaintiff  brought a prior civil rights action raising identical claims against the same parties. See Murray v. Reed, 1:02-cv-438 (W.D. Mich.).  His action was dismissed by District Judge Richard A. Enslen for failure to state a claim on July 10, 2002.  That judgment was unappealed and the time for seeking appeal has expired.  The doctrine of res judicata encompasses both claim preclusion and issue preclusion or collateral estoppel.  J.Z.G. Res., Inc. v. Shelby Ins. Co., 84 F.3d 211, 214 (6th Cir. 1996).  The general rule of claim preclusion, or true res judicata, is that a valid and final judgment on a claim precludes a second action on that claim or any part of it.  Id.  Claim preclusion applies not only to bar the parties from re-litigating issues that were actually litigated but also to bar them from relitigating issues that could have been raised in an earlier action.  Id.; see also Commissioner v. Sunnen, 333 U.S. 591, 597 (1948).  It is well settled that a dismissal for failure to

state a claim constitutes an adjudication on the merits for res judicata purposes. See Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981); Randles v. Gregart, 965 F.2d 90, 93 (6th Cir. 1992) (per curiam);. Plaintiff is attempting to raise the precise claims that were the subject of a prior unsuccessful suit against the same Defendants. Accordingly, his current lawsuit is barred by the doctrine of res judicata.

A complaint may be dismissed as frivolous if the claims lack an arguable or rational basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Where a particular claim fails to assert, and cannot assert under the circumstances, the required elements of a particular cause of action, it does not present an arguable or rational basis in law or fact and should be dismissed. Id. Because Plaintiff's action is barred by the doctrine of res judicata, it lacks an arguable basis in law. Therefore, Plaintiff action will be dismissed as frivolous. See Taylor v. Reynolds, No. 01-5059, 2001 WL 1450693, at *1 (6th Cir. Nov. 8, 2001) (district court properly dismissed as frivolous prisoner civil rights action that was barred by the doctrine of res judicata), cert. denied, 122 S. Ct. 2365 (2002); Jackson v. Kinkela, No. 98-3551, 1999 WL 623672, ay *1 (6th Cir. Aug. 10, 1999) (same).

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action is frivolous and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). See McGore v. Wrigglesworth, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $105 appellate filing fee pursuant to § 1915(b)(1), <u>see</u> <u>McGore</u>, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding <u>in</u> <u>forma</u> <u>pauperis</u>, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $105 appellate filing fee in one lump sum.

   This is a dismissal as described by 28 U.S.C. § 1915(g).

   A Judgment consistent with this Opinion will be entered.

APPROVED FOR E-FILING:


Date: October 25, 2002     /s/   Robert Holmes Bell
              ROBERT HOLMES BELL
              CHIEF UNITED STATES DISTRICT JUDGE

good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $105 appellate filing fee pursuant to § 1915(b)(1), <u>see</u> <u>McGore</u>, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding <u>in</u> <u>forma</u> <u>pauperis</u>, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $105 appellate filing fee in one lump sum.

   This is a dismissal as described by 28 U.S.C. § 1915(g).

   A Judgment consistent with this Opinion will be entered.

APPROVED FOR E-FILING:


Date: October 25, 2002     /s/   Robert Holmes Bell
              ROBERT HOLMES BELL
              CHIEF UNITED STATES DISTRICT JUDGE